## CIRCUIT COURT OF CAROLINE COUNTY

Dave Webster et al.,
trustees

v.

A. M. Synan

March 19, 1990

Case No. 89L-000120

By JUDGE WILLIAM H. LEDBETTER, JR.

This action, originally filed in the City of Alexandria and later transferred to this court, is set for trial without a jury on May 23, 1990. The question presented is whether the defendant should be permitted to file and argue a demurrer.

The case was filed on June 1, 1989. The defendant filed an answer on August 15, 1989. Subsequently, the defendant amended his answer, asserted several new affirmative defenses, and filed a counterclaim. Several pretrial motions were argued, and, as noted above, the case was transferred to this court in December, 1989. At the January Term Day, the case was set for trial without a jury on May 23, 1990.

On February 9, 1990, the defendant filed a motion to permit him to file a demurrer. The plaintiffs objected, and arguments were heard on March 14, 1990.

Where there has been no unreasonable delay in making a motion for leave to file a demurrer, the court may, in its discretion, allow the answer to be withdrawn and a demurrer filed. 6A M.J., *Demurrers* § 30. Ordinarily, however, the rules envision a demurrer *preceding* a response to the merits of the claim. This is so because a demurrer, by its nature, denies that the pleading states a cause

of action that even needs a response. Once a party has answered, issues are joined, and the case is set for trial, only a showing of extraordinary circumstances should entitle a party to go back to square one and dispute the sufficiency of the initial pleading.

Here, the defendant has filed not one but two responsive pleadings, as well as a counterclaim. The case is docketed for trial. Six months have passed since the defendant first responded to the motion for judgment. No unusual or extraordinary circumstances have been shown.

Accordingly, the motion is denied.

(If the defendant is of the opinion the issues can be determined without evidence, because there are no material issues in dispute, a motion for summary judgment, not a demurrer, is the appropriate pleading at this stage of the proceedings. Rule 3:18. Such a motion would be entertained on May 23, 1990, in conjunction with the trial.)